[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10511

_____

D.C. Docket No. 5:12-cv-00027-JEG

WILLIAM HOPE DAVIS,

Plaintiff-Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA,
PEGGY ANN COOPER, Assistant Warden, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 17, 2014)

Before MARTIN and ANDERSON, Circuit Judges, and MORENO,* District
Judge.

_____

*Honorable Federico A. Moreno, United States District Judge for the Southern District of
Florida, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument, and have carefully considered the briefs of the parties and relevant parts of the record.  We are satisfied that the court below erred in concluding that Davis lacked standing.  Thus, a remand to the district court is necessary, as indeed both parties agree.

At the time Davis filed suit, the defendant prison officials were refusing to mail the documents Davis had deposited with the prison mail office for mailing his notice of appeal to his state habeas trial court, his application for a certification of probable cause to the Supreme Court of Georgia, and his service copies to defendant's counsel.  The defendant prison officials' refusal was based on the prison's limitation on inmate postage against which Davis' suit brings an as applied challenge as an unconstitutional denial of his right of access to the courts.  Thus, Davis has shown that the presentation of the claim he desires to bring to the Supreme Court of Georgia "is currently being prevented" by the application of the prison postage limitation rule which he challenges.  Lewis v. Casey, 518 U.S. 350, 356, 116 S.Ct. 274, 2182 (1996).  And the Supreme Court has held that "the standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed."  Davis v. Federal Election Comm'n, 554 U.S. 724, 734, 128 S.Ct. 2769 (2008).  Davis' claim  is a

2

habeas corpus claim, which is one that is protected by the right of access to the courts. Defendant has not suggested that Davis' claim is frivolous. Accordingly, we conclude that Davis had standing at the time he filed suit.

The court below ruled only on the standing issue, and has expressed no opinion with respect to mootness or the merits of Davis' claim. Appropriate procedure indicates that the court below should address these matters in the first instance. Accordingly, we reverse the judgment of the court below, and remand for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.[1]

---

[1] Appellant's Motion to Take Judicial Notice of Court Documents is **GRANTED**.